UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CRAIG ADAM NEHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:22-cv-00024-JPH-MJD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING MOTION FOR RELIEF PURSUANT TO
28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

Criag Neher was convicted of two counts of Sexual Exploitation of a Child/Attempted Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) and (e) and thereafter sentenced to 240 months' imprisonment. In the petition filed in this § 2255 proceeding, Mr. Neher challenges his convictions. For the reasons explained in this Order, Mr. Neher's petition is **denied**. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only

1

in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

In March 2021, Mr. Neher was charged with two counts of Sexual Exploitation of a Child/Attempted Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 1 and 2). *United States v. Neher*, 2:21-cr-7-JPH-CMM-1 (Cr. Dkt.), dkt. 18. The same day, the parties filed a plea agreement in which Mr. Neher agreed to plead guilty to both counts and the United States agreed to recommend a sentence of 300 months' imprisonment and stipulate to a three-level reduction to Mr. Neher's guideline offense level based on his acceptance of responsibility. Cr. Dkt. 24 ¶¶ 1, 9, 33. The images supporting the charges were described as follows:

> Count 1:
>
> 7088jpg: Image depicts the lasciviously displayed genitals of Minor Victim 1. The child is nude and laying in a bathtub and a filter has been applied to the image to display hearts at the edges of the photo. This photo appears to be a cropped version of one of multiple photos taken of Minor Victim 1 while she is nude and laying down in or getting out of the bathtub.
>
> Count 2:
>
> 7288jpg: image depicts an adult hand pulling back the underwear of Minor Victim I to display her uncovered genital and pubic area.

*Id.* ¶ 25G.i.

As part of the Plea Agreement, the parties agreed to a detailed factual basis in support of Mr. Neher's plea. *Id.* ¶ 25. This included statements Mr. Neher made in an online private chat group for stepfathers, in which members would share and receive nude photos of their stepdaughters. *Id.* ¶ 25(E)(ii). In that chat group, Mr. Neher described Minor Victim 1 and wrote that he "spies" and "creeps" on her for purposes of sexual gratification. *Id.* ¶ 25(A)(i). He "admitted to sneaking into Minor Victim 1's room while she was sleeping, moving the front of her underwear to the side, and taking a photograph of her bare vagina." *Id.* ¶ 25(E)(ii). He also stated that he gave Minor Victim 1 Nyquil for the purpose sexually abusing her as she slept. *Id.* ¶ 25(A)(i).

The Court held Mr. Neher's change of plea and sentencing hearing on June 23, 2021. Cr. Dkt. 37. At the hearing, Mr. Neher acknowledged that he read the entire plea agreement, discussed the charges with his counsel, and was pleading guilty because he was, in fact, guilty. Cr. Dkt. 46 at 5:24-7:19. The Court reviewed with Mr. Neher the elements of the offense, and he stated that he understood that the government would need to prove those elements at trial. *Id.* at 7:20-9:1. In addition, Mr. Neher agreed that the factual basis set forth in the plea agreement was "accurate and true." *Id.* at 11:11-22. The Court found the parties' stipulated factual basis was an adequate basis for the plea, that it contained "each of the essential elements of the offense," and that Mr. Neher was entering his plea knowingly and voluntarily. *Id.* at 17:23-18:6. Accordingly, the Court accepted Mr. Neher's guilty plea. *Id.* at 18:4-6.

The Court then sentenced Mr. Neher to 240 months' imprisonment each on Counts 1 and 2 to be served concurrently. Cr. Dkt. 38.

Mr. Neher did not appeal. He then filed this § 2255 motion.

### III. Discussion

Mr. Neher argues that the images described in Counts 1 and 2 were insufficient to show a violation of 18 U.S.C. § 2251. He cites *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), *United States v. Sprenger*, 14 F.4th 785 (7th Cir. 2021), and *United States v. Hillie*, 14 F.4th 677 (D.C. Cir. 2021), as the principal authorities in support of his argument. Mr. Neher argues that his counsel was ineffective by failing to seek dismissal of the Information based on *Howard*—which was decided before the change of plea hearing—and failing to advise him properly regarding his guilty plea. In an amendment to his petition, Mr. Neher also argues that his counsel was ineffective by failing to advise him to withdraw his plea and pursue an appeal. Finally, Mr. Neher suggests that, because he was improperly advised, his plea was not knowing and voluntary.

**A. Ineffective assistance of counsel**

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). The right to effective counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "In the plea bargaining context, a reasonably competent lawyer must

4

attempt to learn all of the relevant facts of the case, make an estimate of the likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty." *Brock-Miller v. United States*, 887 F.3d 298, 308 (7th Cir. 2018) (citing cases); *see also Moore v. Bryant*, 348 F.3d 238, 241 (7th Cir. 2003) (to demonstrate deficient performance in the context of a guilty plea, a petitioner must demonstrate that his counsel's advice regarding the plea was objectively unreasonable). In addition, to show prejudice, Mr. Neher must demonstrate "a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Surmounting *Strickland*'s high bar is never an easy task." *Lee v. United States*, 582 U.S. 357, 367 (2017) (citing *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). "[A]nd the strong societal interest in finality has 'special force with respect to convictions based on a guilty plea.'" *Id.* (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Thus, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.*

### 1. *Howard* and *Sprenger*

Mr. Neher bases his claims on the Seventh Circuit decisions in *Howard* and *Sprenger*, in which the court found that the images at issue did not violate 18 U.S.C. § 2251(a). That statute, which provides a minimum 15-year sentence, covers: "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." "Sexually explicit conduct"

5

includes "lascivious exhibition of the anus, genitals, or pubic area of any person," 18 U.S.C. § 2256(2)(A)(v)—*i.e.*, a display "that calls attention to the genitals or pubic area for the purpose of eliciting a sexual response in the viewer." *United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2011); *United States v. Al-Awadi*, 873 F.3d 592, 600 (7th Cir. 2017).

In *Howard* and *Sprenger*, the Seventh Circuit found that certain images on which the charges were based were not within the scope of § 2251(a) and § 2256(2)(A)(v). Dkt. 2 at 3–4, 16–17 (citing 968 F.3d 717 (7th Cir. 2020); 14 F.4th 785 (7th Cir. 2021)). Mr. Neher contends that the images on which Counts 1 and 2 were based were similarly not within the scope of § 2251(a) and § 2256(2)(A)(v), and his counsel was therefore ineffective for not pointing this out. *Id.* The United States responds that *Howard* and *Sprenger* are distinguishable and do not provide a basis for relief. Dkt. 14 at 17–20.

In *Howard*, the images showed the defendant "masturbating next to a fully clothed and sleeping child." 968 F.3d at 718. The court found that these images did not violate the statute. Because the child was asleep and fully clothed, the images fell outside of § 2251(a) which prohibits a person from "employ[ing], us[ing], persuad[ing], induc[ing], or coerc[ing] any minor to engage in any sexually explicit conduct." *Id.* The court rejected the government's position that it does not matter if the child is engaged in sexually explicit conduct as long as the defendant "uses" the child as an object of sexual interest. *Id.* at 721. The court explained that such an interpretation "does not require the presence of the child at all." *Id.*

Similarly, in *Sprenger*, the defendant "took photographs of Victim A while she was sleeping." 14 F.4th at 788. In one of these photos, he "photographed his naked, erect penis next to Victim A's face," and in another, he "photographed his own face, with his tongue sticking out, next to Victim A's clothed groin." *Id.* The Seventh Circuit held that, "because the photographs Sprenger took depicted himself but not Victim A engaged in sexually explicit conduct, Sprenger's conduct does not qualify as a violation of § 2251(a)." *Id.* at 791.

The crux of *Howard* and *Sprenger* is "that § 2251(a) requires that the offender create images that depict a minor, and not the offender alone, engaged in sexually explicit conduct." *Sprenger*, 14 F.4th at 791 (citing *Howard*, 968 F.3d at 721). But those holdings do not help Mr. Neher. Unlike the fully clothed victims in *Howard* and *Sprenger*, Minor Victim 1's genitals were exposed in both photos in a sexually suggestive manner. That is enough to find that the minor was depicted in sexually explicit conduct. *See United States v. Miller*, 829 F.3d 519, 525 (7th Cir. 2016) (affirming convictions under § 2251(a) and finding that a reasonable jury could have found that the videos depicted lascivious exhibition where they contained scenes in which the minor was nude in a shower, which is a "frequent host[ ] to fantasy sexual encounters as portrayed on television and in film"). And Mr. Neher points to no case finding, based on *Howard* or *Sprenger*, that images in which the minor's nude genitals were exposed and depicted in a sexually explicit manner were not within the scope of § 2251(a) and § 2256(2)(A)(v).

7

Indeed, after Mr. Neher's petition was fully briefed, the Seventh Circuit decided *United States v. Donoho*, 76 F.4th 588 (7th Cir. 2023), which limited *Howard*'s holding. Mr. Donoho was convicted by a jury on one count of attempted production of child pornography and several counts of production of child pornography. *Id.* at 591. The images at issue in that case displayed minor girls sitting on the toilet and getting in and out of the shower. *Id.* at 591. Like Mr. Neher, Mr. Donoho relied on *Howard* to argue that the images at issue did not amount to a "lascivious exhibition of the anus, genitals, or pubic area" of the minors. Rejecting this argument, the *Donoho* court explained that *Howard* "was concerned with the particular facts presented in that case, where 'it was the defendant who was engaged in sexually explicit activity' rather than the minor." 76 F.4th at 596. The court further stated: "So long as the visual depiction at issue depicts *a minor* engaged in sexually explicit conduct, a defendant may 'use' the minor within the meaning of § 2251(a) without *causing* the minor to act in any particular way." *Id.* at 597.

The court also rejected Mr. Donoho's argument that the district erred in instructing the jury that it could consider his intent in deciding whether the images were lascivious. The court explained that "the purpose for which certain conduct is captured in an image is a relevant factor in an objective assessment of the lasciviousness of the depicted conduct." *Id.* Thus, by excluding the subject's face and instead focusing on the genitals, the producer of the image alters the relationship between the image and the portrayed conduct. *Id.* The images in this case—the first of Minor Victim 1 naked in a bathtub and the

8

second of an adult hand pulling back her underwear to display her uncovered genitals—are like the images in *Donoho* that depicted minors getting in and out of the shower and were focused on the minor victims' genitals. Moreover, the context is enough to allow a conclusion that the depictions of otherwise innocent activity are lascivious. Here, the context includes Mr. Neher's statements in an online private chat group for stepfathers who share and receive nude photos of their stepdaughters. In those chats, Mr. Neher stated that he "spies" and "creeps" on Minor Victim 1 for purposes of sexual gratification; "admitted to sneaking into Minor Victim 1's room while she was sleeping, moving the front of her underwear to the side, and taking a photograph of her bare vagina."; and stated that he gave Minor Victim 1 Nyquil for the purpose sexually abusing her as she slept. ¶¶ 25(A)(i); 25(E)(ii).

Mr. Neher therefore has failed to demonstrate that his counsel performed deficiently by failing to argue that the images at issue were not lascivious.

### 2. *Hillie*

Mr. Neher also compares the photos at issue in this case to the videos in *Hillie*, which depicted a minor engaged in "ordinary grooming activities, some dancing, and nothing more," and that the District of Columbia Circuit Court of Appeals held not to be "lascivious exhibition" of a minor. 14 F.4th at 688.

As the United States points out, *Hillie*'s holding relied on a definition of "lascivious exhibition" under 18 U.S.C. § 2256(2)(A)(v) that's different than the Seventh Circuit's interpretation, which is binding on the Court. *Id.* at 687; *see Miller*, 829 F.3d at 524-25; dkt. 14 at 20. In *Hillie*, court stated that "lascivious

9

exhibition" covers "visual depictions in which a minor, or someone interacting with a minor, engages in conduct displaying their anus, genitalia, or pubic area *in a lustful manner* that connotes the commission of sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse." *Hillie*, 14 F.4th at 687 (emphasis added). But the Seventh Circuit has given a less stringent requirement, interpreting "lascivious" to mean "tending to arouse sexual desire," which requires "more than nudity" but is satisfied by an image whose focus is "on the genitals" or is "otherwise sexually suggestive." *Miller*, 829 F.3d at 524-25.

Using its more rigorous definition of "lascivious," the District of Columbia Circuit Court of Appeals found that, even though the minor victim in the case was nude and the video contained "fleeting views of her pubic area," no rational trier of fact could find the video was made "in a lustful manner that connotes the commission of sexual intercourse." *Hillie*, 14 F.4th at 688. However, under the Seventh Circuit's definition of "lascivious," courts in this circuit have affirmed convictions under § 2251(a) where the images, like the images at issue here, focused on the minor's genitals. *See Donoho*, 76 F.4th at 599 (rejecting argument that jury should have been instructed that it should convict only if the images depicted "conduct that connotes sex acts involving a minor...."); *Miller*, 829 F.3d at 524-25; *cf. United States v. Porter*, No. 20 CR 837, 2022 WL 375512, at *5 (N.D. Ill. Feb. 8, 2022) (distinguishing *Hillie* and denying motion to dismiss indictment based on images of minors preparing for a shower and showering);

*United States v. Skaggs*, 412 F. Supp. 3d 958, 961 (S.D. Ind. 2019) (finding defendant guilty of violating § 2251(a) when victim's genitals are focus of images).

Here, the focus of the images were the minor victim's unclothed genitals. Under Seventh Circuit precedent, that's enough to count as "lascivious." *Miller*, 829 F.3d at 524-25.

* * *

In short, Mr. Neher has failed to show that the images that formed the basis of his guilty plea do not violate 18 U.S.C. § 2251(a). Accordingly, he cannot show that his counsel performed deficiently by failing to move to dismiss the Information, failing to advise him that the images did not violate § 2251(a) during plea negotiations, or failing to appeal this issue.[1]  *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013) ("Counsel is not ineffective for failing to raise meritless claims."); *United States v. Carter*, 355 F.3d 920, 924 (7th Cir. 2004) ("First, counsel cannot be said to be deficient for failing to take frivolous action, particularly since a frivolous effort takes attention away from non-frivolous issues. Second, it is evident that failing to make a motion with no chance of success could not possibly prejudice the outcome.").

### B. Guilty plea

Mr. Neher also suggests that his guilty plea was not knowing and voluntary. For a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Schaul*, 962 F.3d 917, 922 (7th Cir. 2020).

---

[1] The Court notes that Mr. Neher does not argue that he asked counsel to file a notice of appeal and counsel failed to do so.

11

At his change of plea hearing, Mr. Neher affirmed that he understood the accusations against him, had read the entire plea agreement and discussed it with counsel, and understood the terms of the plea agreement. Cr. Dkt. 46 at 5:24-7:19. The Court reviewed with Mr. Neher the elements of the offense, and he stated that he understood that at trial the government would need to prove those elements. *Id.* at 7:20-9:1. In addition, Mr. Neher agreed that the factual basis set forth in the plea agreement was "accurate and true." *Id.* at 11:11-22. Mr. Neher is bound to the statements he made under oath at his plea hearing. *See Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted). Mr. Neher bases his claim that his guilty plea was not knowing and voluntary on his argument that the images at issue did not violate § 2251(a). But, as discussed above, he was properly advised by counsel that the creation of these images violated the statute. Because the plea colloquy shows that Mr. Neher did in fact understand the charges against him and the applicable law, he has not shown that his guilty plea was not knowing and voluntary.

## IV.  Conclusion

For the reasons explained in this Order, Mr. Neher has not shown that his counsel was ineffective. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice.  Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Order in**

**No. 2:21-cr-7-JPH-CMM-1.** The motion to vacate, cr. dkt. [44], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Neher has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 2/7/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CRAIG ADAM NEHER
19896-509
ASHLAND – FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

Kristina M. Korobov
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kristina.korobov@usdoj.gov